[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15705
_____

D.C. Docket No. 0:12-cr-60027-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS MCGHEE,

Defendant-Appellant.

_____

On appeal from the United States District Court
for the Southern District of Florida

_____

(January 23, 2014)

Before PRYOR and JORDAN, Circuit Judges, and FRIEDMAN,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

Travis McGhee appeals his convictions for conspiracy to possess less than 500 grams of cocaine, with the intent to distribute, in violation of 21 U.S.C. § 846, and attempt to possess less than 500 grams of cocaine, with the intent to distribute, in violation of 21 U.S.C. § 846.  The convictions stemmed from a government sting operation in which a paid confidential informant and an undercover agent proposed to Mr. McGhee the robbery of kilograms of cocaine from a drug organization. Following a review of the record, and with the benefit of oral argument, we affirm.[1]

## I

Mr. McGhee—who presented a defense of entrapment—first argues that the government failed to prove, beyond a reasonable doubt, that he was predisposed to commit the narcotics crimes of which he was convicted.  As Mr. McGhee sees it, at most the government showed that he was predisposed to commit a run-of-the-mill robbery not involving drugs.  We disagree.  The government presented evidence that (1) the undercover agent told Mr. McGhee that he worked for a Colombian drug organization and that he was looking for people who could rob a narcotics stash house of about 15 kilograms of cocaine; (2) Mr. McGhee and his associates were to keep 10 kilograms of cocaine as their payment for the robbery;

---

[1] Because we write for the parties, we assume their familiarity with the facts and procedural history, and set out only what is necessary to explain our decision.  As to any issues not specifically addressed in this opinion, we affirm without further discussion.

and (3) Mr. McGhee proposed keeping and selling all of the cocaine at $30,000 per kilogram. Exercising *de novo* review, *see, e.g., United States v. Robertson*, 736 F.3d 1317, 1324 (11th Cir. 2013), we conclude that there was sufficient evidence for a reasonable jury to conclude that Mr. McGhee was predisposed to commit the offenses of conspiracy to possess, and attempt to possess, less than 500 grams of cocaine, with the intent to distribute. *See United States v. Haile*, 685 F.3d 1211, 1219 (11th Cir. 2012).

## II

Mr. McGhee next argues that he was deprived of his Fifth and Sixth Amendment rights due to cumulative evidentiary errors at trial. We must decide whether there was, in fact, error under the abuse of discretion standard, *see United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013), and, if so, whether any cumulative error affected Mr. McGhee's substantial rights. *See United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005). As we explain below, we are not persuaded by Mr. McGhee's cumulative error argument. As to some of the rulings, there was no error, and as to others, any error was harmless.

The first alleged errors are evidentiary rulings by the district court excluding evidence which Mr. McGhee wanted to use to impeach the testimony of the informant. Evidence at trial showed that the informant, David Villamonte, was stopped and cited for possession of marijuana by local police on January 4, 2012,

3

about four weeks before the arrests in this case took place.  At the time he was issued the citation for possession of marijuana, Mr. Villamonte was the driver of a car in which Mr. McGhee had been a passenger.  Mr. Villamonte denied possessing the marijuana.  He told agents that he had run into Mr. McGhee at a gas station, and that Mr. McGhee needed a ride because he had been in a fight or dispute with his girlfriend.  One of the agents interceded with state prosecutors on behalf of Mr. Villamonte, and the marijuana charge against him was eventually dropped.

Mr. McGhee wanted to present the testimony of the police officer who stopped Mr. Villamonte on January 4, 2012, but the district court did not allow him to do so, finding that the jury already knew of the stop (and of the federal agent's intervention on behalf of Mr. Villamonte) and that the testimony of the officer would be about a collateral matter.  The district court also denied Mr. McGhee's request for a Rule 17 subpoena for his girlfriend's employment records (records which Mr. McGhee wanted to use to show that his girlfriend was working on the night in question and could not have gotten into a fight with him), finding that the records would constitute improper impeachment.  Although Mr. McGhee argues that this evidence would have contradicted Mr. Villamonte's denial of marijuana possession, and would have helped his entrapment defense by showing that Mr. Villamonte provided him with drugs, we find no abuse of discretion under Rule

4

608(b).  *See, e.g.*, *Sanchez-Velasco v. Secretary, Dep't of Corr.*, 287 F.3d 1015, 1032 (11th Cir. 2002) ("An arrest, without a conviction, or the conduct leading to it, cannot be proven by extrinsic evidence.") (citing Rule 608(b)).

The second set of alleged errors concerns restrictions on the cross-examination of Mr. Villamonte.  Mr. McGhee contends that the district court erred in not permitting him to question Mr. Villamonte as to (1) his early release from federal prison while serving a 262-month sentence; (2) his work in prison as a confidential informant; (3) his arrests and need for paid employment after moving to South Florida; (4) his 2010 conviction for battery following a carjacking arrest; and (5) his purported work as a confidential informant in Philadelphia.  Assuming there were any errors, they did not affect Mr. McGhee's substantial rights because the substance of the evidence that was supposedly restricted was nevertheless presented to the jury.  For example, the jury heard evidence (1)-(2) that Mr. Villamonte had his 262-month sentence reduced because he cooperated against several prison guards; (3) that Mr. Villamonte was paid for his work as an informant in this case; (4) that Mr. Villamonte was convicted of battery in 2010; and (5) that Mr. Villamonte had worked for the ATF in Philadelphia and had been paid $4,000, that he had received a total of approximately $12,000 to $16,000 in payments from the ATF, and that he was no longer working for the ATF because he purchased pills and marijuana for his girlfriend.

The third alleged error is the district court's evidentiary ruling during the testimony of defense witness Cassio Slowden. Mr. Slowden testified that he had met Mr. Villamonte at a gas station and used marijuana with him, that he thought Mr. Villamonte was a liar and a horrible person, that Mr. Villamonte had caused his arrest (for which he spent 136 days in custody) in a fake home invasion robbery by giving him a gun on the date of the arrest. The district court did not allow Mr. McGhee, however, to have Mr. Slowden explain how Mr. Villamonte had entrapped him, and it is this ruling that Mr. McGhee challenges. We do not find any abuse of discretion, as Mr. Slowden was able to testify about Mr. Villamonte's conduct as an informant in relation to Mr. Slowden. The fact that Mr. Slowden was not able to testify, in legal parlance, that Mr. Villamonte had entrapped him, does not constitute reversible error.

The fourth alleged errors are rulings made by the district court during the testimony of Agent Steve McKean, who had acted as the undercover agent during the sting operation. Again, we find no abuse of discretion and/or no reversible error. First, as to the district court's refusal to allow Mr. McGhee to ask Agent McKean three questions about Mr. Villamonte's employment at Home Depot, we do not know what the questions were or how Mr. Villamonte was expected to answer them. As a result, Mr. McGhee has not shown that he suffered prejudice.

Second, as to testimony that Mr. McGhee was identified as "Easy" on a co-defendant's cell phone, that evidence was not unfairly prejudicial under Rule 403.

### III

Mr. McGhee also asserts that prosecutorial misconduct deprived him of a fair trial.  We are not persuaded.

First, although we may not understand why the government would choose to continue employing an informant who engaged in ongoing criminal misconduct, here the use of Mr. Villamonte as an informant did not constitute outrageous governmental misconduct; it did not violate "that 'fundamental fairness, shocking to the universal sense of justice,' mandated by the Due Process Clause of the Fifth Amendment."  *United States v. Russell*, 411 U.S. 423, 432 (1973) (citation omitted).  We note also that Mr. Villamonte's troubled past and dirty laundry (e.g., his convictions, his payments, his drug use, his double-dealing, his prior work as an informant, his failure to pay taxes, his commitment to an institution for mental health reasons) were aired before the jury.

Second, the government's mid-trial disclosure of Mr. Villamonte's ATF files from Philadelphia and Tampa does not call for reversal.  Mr. McGhee was allowed to recall Agent McKean to the stand after the disclosure and ask him questions concerning (1) Mr. Villamonte's files from those two ATF offices, (2) Agent McKean's knowledge of what was contained in those files (e.g., some of Mr.

7

Villamonte's prior arrests), and (3) the plan to deactivate Mr. Villamonte as an informant. In our view, Mr. McGhee has not shown prejudice from the late disclosure.

## IV

The district court instructed the jury on the § 846 conspiracy charge that, among other things, the government had to prove beyond a reasonable doubt that Mr. McGhee "knew the unlawful purpose of the plan and willfully joined in it." The court, however, did not define the word "willfully" in its instructions on the conspiracy charge, and Mr. McGhee contends that this entitles him to a new trial on that charge.

Because Mr. McGhee did not object at trial, his claim is reviewed for plain error. *See United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000). Under that exacting standard, Mr. McGhee is not entitled to relief. Jury instructions are viewed as a whole, and the district court instructed the jury that a conspiracy is "an agreement or a kind of partnership in criminal purposes," and that "the essence of a conspiracy is the making of the scheme itself." The district court also told the jury, with respect to another of the conspiracy charges, that the word willfully meant "with the intent to further its unlawful purpose." These instructions, combined with the evidence presented by the government (including Mr. McGhee's post-arrest confession), lead us to conclude that the incomplete instructions were not, in

8

the language of *Prather*, "probably responsible for an incorrect verdict, leading to a substantial injustice."  205 F.3d at 1271 (quoting *Montgomery v. Noga*, 168 F.3d 1282, 1294 (11th Cir. 1999)).[2]

## V

Mr. McGhee's convictions are affirmed.

**AFFIRMED.**

---

[2] This is not a case where the jury instructions completely omitted an element of a charged offense.  Even in that situation, however, the omission would be subject to harmless-error review.  *See Neder v. United States*, 527 U.S. 1, 12-13 (1999).